UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND WILBUR

    Plaintiff,

vs.

WEST BAY ICE CREAM CO. d/b/a
HOUSE OF FLAVORS SOUP &
SANDWICH SHOPPES, and
402 WEST LUD, LLC.

    Defendants.

Case No.:

Hon.

KOUSSAN LAW
Ali H. Koussan (P75044)
Brooke N. Mathis (P82336)
Attorneys for Plaintiff
821 West Milwaukee
Detroit, Michigan 48202
(313) 444-8348
Fax: (313) 444-7814
ali@k-law.com
michael@k-law.com

## PLAINTIFF'S FIRST-AMENDED COMPLAINT

### PARTIES

NOW COMES Plaintiff, RAYMOND WILBUR, by and through counsel, KOUSSAN LAW, and for his Complaint, states as follows:

1. Plaintiff, RAYMOND WILBUR, is a citizen of the State of California, domiciled in the City of South Pasadena, County of Los Angeles.

2. Defendant WEST BAY ICE CREAM CO. D/B/A/ HOUSE OF FLAVORS SOUP & SANDWICH SHOPPES, INC. ("House of Flavors") is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of Michigan and accepting service through its resident agent, Robert Barrett Neal, located at 402 West Ludington Avenue, Ludington, MI 49431. House of Flavors owns, operates, manages, and maintains the business located at that address, where the incident giving rise to this action occurred, which is also its principal place of business.

3. Defendant 402 WEST LUD, LLC ("West Lud") is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of Michigan and accepting service through its resident agent, Robert Barrett Neal, located at 402 West Ludington Avenue, Ludington, MI 49431. Defendant West Lud owns the premises where the incident occurred. West Lud's members are Robert Barrett Neal and Cindy Neal, both of whom are citizens of the State of Michigan, domiciled in the City of Ludington, County of Mason.

4. The incident described herein occurred within the City of Ludington, County of Mason, State of Michigan.

## JURISDICTION AND VENUE

5. This action arises under the common law of the State of Michigan and is brought to recover damages for personal injuries sustained as a result of Defendants' negligence and breach of duties owed to Plaintiff as an invitee.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and complete diversity exists between the parties. Plaintiff is a citizen of California; All Defendants are citizens of Michigan.

7. Venue is proper pursuant to 28 USC §1391(b)(2) as the events giving rise to the claim occurred in Mason County, Michigan, which is located within the Western District of Michigan.

8. The amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## GENERAL ALLEGATIONS

9. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

10. On or about March 9, 2023 Plaintiff Raymond Wilbur sustained severe and debilitating injuries as a result of a defective door on the Defendants' premises.

11. On the date, Plaintiff was a lawful business invitee exiting the premises of House of Flavors, when he encountered an unreasonable risk of harm due to the dangerous condition of the faulty door, specifically, when the door got stuck as Plaintiff was opening it, causing Plaintiff to fall down a set of concrete stairs, sustaining serious and permanent injuries.

## COUNT I – NEGLIGENCE / PREMISES LIABILITY

12. Plaintiff Raymond Wilbur hereby realleges and incorporates the preceding paragraphs as though fully set forth herein.

13. At all relevant times, Defendants owned, operated, managed, or exercised control over the premises located at 402 West Ludington Avenue, Ludington, Michigan, including the public exit door and stairway used by patrons of a business commonly known as House of Flavors Ice Cream Parlor.

14. On or about March 9, 2023, Plaintiff, a lawful business invitee, attempted to exit the premises using the designated public door.

15. The door was unreasonably stiff and difficult to open. As Plaintiff pushed harder on the handle at the direction of another patron, the door suddenly gave way, swung open with excessive force, and caused Plaintiff to lose his balance.

16. Plaintiff was propelled forward through the doorway and fell down the adjoining stairwell, striking his head and sustaining multiple traumatic injuries.

17. Defendants owed Plaintiff, as a business invitee, a duty to inspect, maintain, and repair the premises, including doors and adjacent stairways, in a condition that was reasonably safe for public use.

18. Defendants breached these duties in one or more of the following ways:

   a) By failing to properly inspect, maintain, and repair the exterior door and stairway;

   b) By allowing a dangerous condition to exist at the public exit;

   c) By failing to correct the defect after prior knowledge or notice;

   d) By failing to warn Plaintiff and other patrons of the known danger;

   e) By failing to install safety features, such as signage or physical barriers, to mitigate the foreseeable risk;

   f) By otherwise failing to exercise reasonable care under the circumstances.

19. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious, permanent injuries including:

   a) comminuted and depressed fracture involving the lateral tibial plateau;

   b) a separate tibial shaft fracture;

   c) bicondylar tibial plateau fracture;

   d) comminuted intra-articular fracture involving the head and neck of the fibula with extension into the proximal tibiofibular joint;

    e) all requiring surgical intervention and rehabilitation;

    f) three fractured ribs;

    g) a head injury with loss of consciousness;

    h) physical pain and suffering;

    i) emotional distress, shock, and mental anguish;

    j) medical expenses and impaired ability to care for himself, earn an income, or enjoy his normal life.

20. Plaintiff, age 72, has required and will continue to require medical care, surgical follow-up, physical therapy, mobility assistance, and home support services.

21. Plaintiff Raymond Wilbur has suffered a loss of enjoyment of life, diminished physical functioning, and a reduction in his ability to engage in normal activities of daily living.

22. As a further direct and proximate result of Defendants' negligence, Plaintiff has incurred and will continue to incur economic losses, including medical bills, travel for care, and diminished future earnings and household contributions.

**23.** If Plaintiff had any preexisting physical conditions, those conditions were aggravated, accelerated, or exacerbated by the injuries sustained in the incident described above.

WHEREFORE, Plaintiff Raymond Wilbur respectfully requests that judgment be entered in his favor against Defendants for whatever amount in excess

of $75,000 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained, and any other relief that the Court deems just and proper.

                                                Respectfully submitted,

                                                KOUSSAN LAW

                                                /s/ Ali H. Koussan
                                                By: Ali H. Koussan (P75044)
                                                Attorney for Plaintiff

Dated:  May 15, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND WILBUR

    Plaintiff,                                        Case No.:

vs.                                                        Hon.

WEST BAY ICE CREAM CO. d/b/a HOUSE OF
FLAVORS SOUP & SANDWICH SHOPPES, and
402 WEST LUD, LLC.

    Defendants.

---

KOUSSAN LAW
Ali H. Koussan (P75044)
Brooke N. Mathis (P82336)
Attorneys for Plaintiff
821 West Milwaukee
Detroit, Michigan 48202
(313) 444-8348
Fax: (313) 444-7814
ali@k-law.com
michael@k-law.com

---

## JURY DEMAND

Plaintiff Raymond Wilbur, by and through his attorneys at Koussan Law, hereby respectfully demands a trial by jury on all the issues in this cause of action.

                                                            Respectfully submitted,

                                                            KOUSSAN LAW
                                                            /s/ Ali H. Koussan
                                                            By: Ali H. Koussan (P75044)
                                                            Attorney for Plaintiff

<u>Dated</u>:  May 15, 2025